# In the United States Court of Federal Claims

No. 20-1220C

(E-Filed: November 18, 2021)

|  |  |  |
|---|---|---|
| UNITED COMMUNITIES, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Motion for Reconsideration; RCFC 59(a). |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

G. Scott Walters, Washington, DC, for the plaintiff. Sarah K. Carpenter, of counsel.

Ebonie I. Branch, Trial Attorney, with whom were Brian M. Boynton, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Erika L. Whelan Retta, United States Air Force, Washington, DC, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

      On July 23, 2021, the court granted defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 14 (July 23, 2021 opinion reported at United Cmtys., LLC v. United States, 154 Fed. Cl. 676 (2021)). On August 20, 2021, plaintiff filed a motion for reconsideration of that decision, see ECF No. 16, pursuant to RCFC 59(a) and on September 29, 2021, defendant filed a response to the motion, see ECF No. 20. The motion is fully briefed and ripe for decision.

      The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, plaintiff's motion for reconsideration is **DENIED**.

I.       Background[1]

This case involves a dispute related to a contract between plaintiff and defendant, acting on behalf of the Secretary of the United States Air Force and the Secretary of the United States Army.  See ECF No. 1 at 1.  As part of the Military Housing Privatization Initiative (MHPI), defendant sought to improve military housing by working with the private sector.  See id. at 3.

Under the auspices of the MHPI, plaintiff entered into a contract with defendant, pursuant to the terms of which defendant leased land to plaintiff at McGuire Air Force Base and Fort Dix (Joint Base McGuire-Dix) for fifty years, and transferred to plaintiff its ownership interest "in certain improvements generally consisting of housing units located on the land."  Id. at 5.  "The [c]ontract require[d] [p]laintiff to design, finance, demolish, develop, construct, renovate, own, manage, acquire, lease, operate, and maintain a privatized residential housing development located on [Joint Base McGuire-Dix] primarily for the use of military members and their families."  ECF No. 1 at 5.

In its complaint, plaintiff alleged three causes of action against defendant:  (1) breach of contract; (2) breach of implied duty of good faith and fair dealing; and (3) violation of the takings clause of the Fifth Amendment to the United States Constitution.  See id. at 12-15.

On December 16, 2020, defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted, under RCFC 12(b)(6).  See ECF No. 8.  On July 23, 2021, the court granted defendant's motion to dismiss "because plaintiff [did] not sufficiently alleged a duty on the part of defendant," ECF No. 14 at 10, and dismissed plaintiff's claim for breach of the implied duty of good faith and fair dealing on the same basis, see id. at 11.  Finally, the court dismissed plaintiff's takings claim, finding that plaintiff "failed to sufficiently allege a cognizable property interest."  Id. at 13.

Plaintiff now argues that reconsideration of the court's July 23, 2021 decision is necessary to prevent manifest injustice because the court did not grant plaintiff permission to file an amended complaint before dismissing the case.  See ECF No. 16.  According to plaintiff, the court unjustly failed to address its request for "an alternative form of relief" in its response to defendant's motion to dismiss.  Id. at 3.  The alternative relief to which plaintiff refers is precisely one sentence at the end of its response that reads as follows:  "In the alternative, [p]laintiff respectfully requests any dismissal granted be without prejudice and that [p]laintiff be permitted fourteen (14) days after any such order to amend its [c]omplaint."  ECF No. 9 at 38.

---

[1]      The court provides only the basic outline of the case in this opinion, as the specific facts are not at issue in the motion at bar.  A more complete recitation of the facts underlying the dispute in this case appears in the court's June 23, 2021 ruling.  See ECF No. 14.

II.     Legal Standards

Plaintiff moves for reconsideration pursuant to RCFC 59(a).  See ECF No. 16 at 1.  Rule 59(a) provides that rehearing or reconsideration may be granted: "(A) for any of reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." RCFC 59(a)(1).

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir.), cert. denied, 137 S. Ct. 389, 196 L. Ed. 2d 295 (2016).  "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir.2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)).  Such a motion, however, "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

III.    Analysis

In its motion for reconsideration, plaintiff argues that:

> [j]ustice requires [p]laintiff be given leave to amend its [c]omplaint because: (a) [p]laintiff requested leave to amend and the [c]ourt did not find there was any reason amendment should not be granted; and (b) there is no evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.

ECF No. 16 at 4.  Put another way, plaintiff contends that its cursory request for leave to amend its complaint, which appears in a single sentence at the end of its response to defendant's motion, should have been granted because the court articulated no reason not to grant it.  See id.  This logic puts the proverbial cart before the horse.

Rule 7(b), which governs the content of motions filed with this court, requires that:

3

      (1)    <u>In General.</u>  A request for a court order must be made by motion. Any motion, objection, or response may be accompanied by a brief or memorandum and, if necessary, affidavits supporting the motion. The motion must:

          (A)    be in writing unless made during a hearing or trial;

          (B)    state with particularity the grounds for seeking the order; and

          (C)    state the relief sought.

RCFC 7(b)(1).

      Here, plaintiff stated no grounds for its request for leave to amend its complaint. As noted above, the request stated, in its entirety: "In the alternative, [p]laintiff respectfully requests any dismissal granted be without prejudice and that [p]laintiff be permitted fourteen (14) days after any such order to amend its [c]omplaint." ECF No. 9 at 38. Absent a particularized statement of the grounds justifying amendment, plaintiff's request failed to comply with RCFC 7(b)(1)(B), and as such, was not properly before the court. And because the motion was not properly before the court, the court's failure to rule on it works no injustice.

      Moreover, the court's decision not to rule on plaintiff's improperly presented request is in line with the United States Court of Appeals for the Federal Circuit's decision in <u>Rafaei v. United States</u>, 725 F. App'x 945 (Fed. Cir. 2018). In <u>Rafaei</u>, plaintiff appealed this court's decision granting defendant's motion to dismiss for lack of jurisdiction. <u>See</u> <u>id.</u> at 947. One of the errors raised by plaintiff on appeal was this court's failure to address plaintiff's request to amend his complaint and for discovery, which he included in his response to defendant's motion to dismiss. <u>See</u> <u>id.</u> at 951. The Federal Circuit ruled that this court was not required to address the request absent specifically identified facts or arguments in support of allowing amendment. <u>See</u> <u>id.</u> at 51-52 (citing <u>Meehan v. United Consumers Club Franchising Corp.</u>, 312 F.3d 909, 913 (8th Cir. 2002) ("A district court does not abuse its discretion in failing to invite an amended complaint when plaintiff has not moved to amend and submitted a proposed amended pleading.")).

      For these reasons, the court concludes that plaintiff has failed to demonstrate that it is entitled to reconsideration of the court's July 23, 2021 decision. This case will remain closed, and no further amended complaints permitted.

IV.    Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration, ECF No. 16, is **DENIED**.

IT IS SO ORDERED.

                                            s/Patricia E. Campbell-Smith
                                            PATRICIA E. CAMPBELL-SMITH
                                            Judge