# In the United States Court of Federal Claims

No. 20-1220C

(E-Filed:  July 15, 2022)

_____

|  |  |  |
|---|---|---|
| UNITED COMMUNITIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Notice of Appeal; FRAP 4; Extension of |
| | ) | Time; Excusable Neglect. |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

_____

<u>G. Scott Walters</u>, Washington, DC, for plaintiff.  <u>Sarah K. Carpenter</u>, of counsel.

<u>Ebonie I. Branch</u>, Trial Attorney, with whom were <u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney General, <u>Patricia M. McCarthy</u>, Director, <u>Deborah A. Bynum</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  <u>Alissa Schrider</u>, Air Force Legal Operations Agency, Joint Base Andrews, MD, of counsel.

ORDER

Before the court is plaintiff's motion for an extension of the time in which it was required to file a notice of appeal in this case, filed on February 16, 2022.  <u>See</u> ECF No. 22.  On July 1, 2022, defendant filed its response, <u>see</u> ECF No. 30; and on July 8, 2022, plaintiff filed its reply, <u>see</u> ECF No. 31.  For the following reasons, plaintiff's motion is **DENIED**.

On July 23, 2021, the court dismissed this case pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims.  <u>See</u> ECF No. 14 (opinion dismissing case, reported at <u>United Communities, LLC v. United States</u>, 154 Fed. Cl. 676 (2021)). Plaintiff moved for reconsideration, which the court denied on November 18, 2021.  <u>See</u> ECF No. 21 (opinion denying reconsideration, reported at <u>United Communities, LLC v. United States</u>, 157 Fed. Cl. 19 (2021)).  Plaintiff then filed the motion currently before

the court.  See ECF No. 22.  Plaintiff also filed a notice of appeal on February 16, 2022, before the court granted it leave to do so.[1]  See ECF No. 23.

The clerk's office transmitted the notice of appeal and docket sheet to the United States Court of Appeals for the Federal Circuit on February 17, 2022, and on May 26, 2022, the Federal Circuit remanded the case to this court "for the limited purpose of allowing the Court of Federal Claims to decide the pending motion for extension of time to file the notice of appeal."  See ECF No. 26 at 2.

As plaintiff acknowledges in its motion, it should have filed its notice of appeal on or before January 17, 2022, but it did not file the notice until February 16, 2022.  See ECF No. 22 at 1; see also Federal Rule of Appellate Procedure (FRAP) 4(a)(1)(B) (allowing a party sixty days from final judgment within which to file a notice of appeal).  In the declaration attached to the motion, plaintiff's counsel explains that they relied on prior experience with appeals, and "mistakenly advised [p]laintiff that it had a right to appeal the [court's decision denying its motion for reconsideration] within 120 days of receipt of the . . . order."  ECF No. 22-1 at 1.  Upon discovering the error, counsel immediately filed the instant motion and the notice of appeal.  See id.

Pursuant to FRAP 4(a)(5)(A), this court may extend the time to file a notice of appeal if:

(i)     a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii)    regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Here, plaintiff filed its motion for an extension of time exactly thirty days after its notice of appeal should have been filed, which satisfies the first requirement of FRAP 4(a)(5)(A).  Plaintiff's reason for its failure to timely file, however, does not rise to the level of excusable neglect, and thus, plaintiff's motion does not satisfy the second requirement of the rule.[2]

Plaintiff argues that this court applies a "'relatively flexible' equitable standard for extensions under [this Rule.]'"  ECF No. 22 at 2 (quoting Cygnus Corp. v. United States,

---

[1]     The court later struck the notice of appeal as premature.  See ECF No. 24 (order).

[2]     Plaintiff states in its motion that "there is both good cause and a showing of excusable neglect" in this case.  See ECF No. 22 at 3 (capitalization removed).  In substance, however, plaintiff's argument addresses only excusable neglect.  See generally id.  As such, the court does not separately analyze whether good cause exists.

65 Fed. Cl. 646, 649 (2005)) (plaintiff's alteration).  According to plaintiff, the court should apply the same analysis as it did in Cygnus and permit an extension because of a transcription error.[3]  See id. at 2-3.

In Cygnus, the court signed its final, appealable order on January 5, 2005, and delivered the order to the clerk's office the same day.  See Cygnus, 65 Fed. Cl. at 646.  The clerk's office, however, did not enter the order on the docket until January 10, 2005.  See id. at 646-47.  Plaintiff's counsel then mistakenly relied on the docketing date, as opposed to the date on which the order was signed, in calculating its appeal deadline.  See id. at 647.  In addition to this foundational error, the court outlined a series of other circumstances that complicated the filing and date-calculation efforts in the case.  See id.  When plaintiff sought an extension of its appeal deadline, the court found excusable neglect in light of plaintiff's counsel's error in transcribing the date of the court's final order, and the court affirmed that conclusion when it denied defendant's motion for reconsideration.  See id. at 647-49.

The court reached its conclusion on the basis of the analysis set forth by the Supreme Court of the United States in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993).  See id.  Specifically, the court outlined the following considerations in determining whether neglect is excusable:  "'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"  Id. at 648 (quoting Pioneer, 507 U.S. at 397).  The court also noted the Supreme Court's directive to make an "'equitable'" determination, that "'tak[es] account of all relevant circumstances surrounding the party's omission.'"  Id.  And although the inquiry is not a "strict" one, "there still must be a satisfactory explanation for the late filing."  Id. at 649 (internal quotation marks and citation omitted).

The court ultimately found that, although plaintiff's counsel had erred in recording the date of the order, the clerk's office "introduced an element of confusion in the computation of time for taking an appeal," and that as a result the circumstances were "'outside the ordinary course.'"  Id. (quoting Pioneer, 507 U.S. at 398).  Finally, the court concluded that there was "no evidence of prejudice to the government," "threat to judicial administration," or evidence of bad faith.  Id.  As such, the court declined to reconsider its decision that plaintiff's request for an extension was justified.  See id.

---

[3]      In its reply, plaintiff also relies on the reasoning from United States v. Brown, 133 F.3d 993 (7th Cir. 1998), in which a criminal defendant's counsel missed a deadline due to a misunderstanding of how to account for weekends and holidays when calculating the time to file a notice of appeal.  See ECF No. 31 at 6.  Brown, having been decided by the United States Court of Appeals for the Seventh Circuit, is not binding on this court, and the court does not find the reasoning in that case persuasive here because criminal cases implicate a very different set of rights and equities than a civil case.

The circumstances of the present case are materially different from the circumstances in <u>Cygnus</u>.  As an initial matter, counsel's failure to confirm his understanding of the appeal deadline prior to advising plaintiff of its rights is not a transcription error.  The failure to conduct research on which a client's rights depend is clearly more substantive than mis-reading a date, as counsel did in <u>Cygnus</u>.  <u>See id.</u> at 647.

In addition, the situation in <u>Cygnus</u> involved the unusual circumstance that the clerk's office did not timely enter on the docket the order that began the appeal clock.  <u>See id.</u>  Plaintiff has identified no such factor that contributed to its delay in this case that is "'outside the ordinary course.'"  <u>Id.</u> at 649 (quoting <u>Pioneer</u>, 507 U.S. at 398).

Plaintiff insists that there is no prejudice to defendant, no threat to judicial administration, and no bad faith at issue in this case.  <u>See</u> ECF No. 22 at 3-4; ECF No. 31 at 8-10.  And while defendant does not offer evidence of bad faith, it contends both that it will be prejudiced by an extension because it is entitled to rely on the finality of decisions, <u>see</u> ECF No. 30 at 9-10, and that an extension will negatively impact the judicial administration of related cases, <u>see id.</u> at 6-9.  In the court's view, defendant's arguments with regard to prejudice and judicial administration are relatively weak.  But even these relatively weak arguments outweigh plaintiff's failure to identify anything other than "garden-variety miscalculation" on counsel's part.  <u>Kansas Gas & Elec. Co. v. United States</u>, 111 Fed. Cl. 169, 175 (2013) (denying plaintiff's motion for an enlargement of time to file its bill of costs because plaintiff had not shown that there was anything "more to the reason for the delay than simple mistake").

Accordingly, for the foregoing reasons, plaintiff's motion for an extension of time, ECF No. 22, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge